# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FIA CARD SERVICES, NA, formerly known as MBNA AMERICA BANK, N.A., | ) ) ) | 1:08-cv-901 AWI GSA |
| Plaintiff, | ) ) ) | ORDER DENYING MOTION TO TRANSFER TO FEDERAL DISTRICT COURT WITH LEAVE TO FILE NOTICE OF REMOVAL |
| v. | ) ) | |
| MONIQUE M. ROMERO, | ) ) ) | |
| Defendant. | ) ) | |

Defendant Monique M. Romero ("Defendant"), proceeding pro se, filed a document entitled "Motion to Transfer to Federal District Court" ("Motion to Transfer") on June 26, 2008.[1] Defendant names FIA card Services, N.A., formerly known as MBNA America Bank, NA, as the plaintiff. This court construes the motion as Defendant's attempt to remove the state court proceeding, (Case No. MBCVLO-08-45513), pending in the Inyo County Superior Court, to this court based on the following language:

> Defendant moves the Court to transfer this action from State Court to Federal Jurisdiction for the reasons that the plaintiff is a banking institution that is under the direct regulatory control of the Secretary of the Treasury pursuant to the Banking Holiday Act of Congress of 1933 codified at 12 USCA § 95.

---

[1] Defendant or Roger Romero who appears to be a relative of Defendant has filed similar documents in several other cases in this district :1:07cv0164 OWW LJO; 1:07cv0165 AWI DLB; 1:07cv0166 OWW DLB; 1:07cv0167 AWI DLB. All of the cases have been dismissed.

1

Motion to Transfer, at 3. Defendant argues that this Court has exclusive federal jurisdiction over the case based on "banking statutes mandated by Congress." Id.

## DISCUSSION

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases in which the United States Constitution and Congress authorize them to adjudicate which are essentially those cases involving diversity of citizenship (in which the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states), or a federal question, or to which the United States is a party. 28 U.S.C. §§ 1331 and 1332; See also, Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 114 S.Ct. 1673, 1677 (1994); Finley v. United States, 490 U.S. 545, 109 S.Ct. 2003, 2008 (1989).

By statute "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because of the "Congressional purpose to restrict the jurisdiction of the federal courts on removal," the removal statute is strictly construed against removal. Shamrock Oil & Gas Corp.v. Sheets, 313 U.S. 100, 108-109 (1941); Duncal v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Duncan, 76 F.3d at 1485; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). A defendant "has the burden of establishing that removal was proper." Duncan, 76 F.3d at 1485; Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994).

This Court is empowered to summarily remand this action:

> The United States district court in which such a notice [of removal] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

28 U.S.C. § 1446(c)(4).

Defendant's Motion to Transfer is defective because it fails to demonstrate that the underlying state court proceeding is subject to this court's jurisdiction. Defendant's arguments that this court has jurisdiction because Plaintiff is a bank subject ot the regulatory control of the Secretary of Treasury is not sufficient. Motion to Transfer at pg. 3. Further, Defendant's motion fails to comply with the procedural requirements outlined in 28 U.S.C. § 1446 which governs removal procedures. First, Defendant has not filed a Notice of Removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a). The Notice should contain a short and plain statement of the grounds of removal, together with a copy of all of process, pleadings, and orders served upon the Defendant. 28 U.S.C. § 1446(a). Defendant's Motion to Transfer also does not establish that the Notice of Removal was timely filed. 28 U.S.C. § 1446(b). Finally, Defendant has not submitted evidence that a copy of the Removal Notice was served on Plaintiff, as well as the Clerk of the State Court. 28 U.S.C. § 1446(d).

In sum, Defendant's motion to transfer is denied without prejudice because it failed to establish that this court has jurisdiction. It further fails to satisfy removal notice requirements in that, among other things, the motion did not contain copies of the state court pleadings, it does not indicate a timely attempt to remove (even assuming removal is available), or that the filing was properly served on Plaintiff or the Clerk of the State Court. 28 U.S.C. § 1446(a), (b) and (d).

**ORDER**

Accordingly, for the reasons discussed above, IT IS HEREBY ORDERED :

1) Defendant's Motion to Transfer is DENIED without prejudice, however, Defendant may file a Notice of Removal which complies with the requirements outlined in 28 U.S.C. § 1446 **within thirty (30) days** from the date of service of this order;

2) If a Notice of Removal is filed, Defendant shall provide this court with a copy of all of process, pleadings, and orders served upon the Defendant in the course of the state court proceedings;

3) The Notice of Removal and accompanying documents shall establish that :

    a) Federal court jurisdiction is proper;

    b) The Notice of Removal was timely filed; and

        c) Plaintiff and the Clerk of the State Court were properly served with the Notice of Removal;

4) Failure to comply with this order within the prescribed time may result in Defendant's case being dismissed; and

5) The court directs the Clerk of the Court to serve a copy of this order on the Plaintiff who Defendant has identified as :

        Calvin S. Rose
        Lourdes Slinsky Wolpoff and Abramson, LLP
        28632 Roadside Dr. Suite 265
        Agoura Hills, CA 91301

IT IS SO ORDERED.

    Dated:   **July 7, 2008**             /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE