IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIA CARD SERVICES, NA, formerly known as MBNA America BANK, N.A., <br><br> Plaintiff, <br><br> vs. <br><br> MONIQUE M. ROMERO, <br><br> Defendant. | 1:08 cv 901 AWI GSA <br><br> AMENDED FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO OBEY A COURT ORDER <br><br> ORDER VACATING FINDINGS AND RECOMMENDATIONS ISSUED AUGUST 25, 2008 <br><br> ORDER DIRECTING CLERK TO SERVE THESE AMENDED FINDINGS AND RECOMMENDATION ON PLAINTIFF |

On June 26, 2008, Defendant filed a document entitled, "Motion to Transfer to Federal District Court." On July 8, 2008, the Court issued an order requiring that Defendant file a Notice of Removal which complied with the requirements outlined in 28 U.S.C. § 1446 within thirty days. The thirty (30) day period has now expired, and Defendant has not responded to the Court's order.

On August 25, 2008, the court issued Findings and Recommendations that recommended that the case be dismissed due to Plaintiff's, rather than Defendant's, failure to comply with the

court's order. Accordingly, the Findings and Recommendation issued on August 25, 2008 are hereby VACATED.

court's order. Accordingly, the Findings and Recommendation issued on August 25, 2008 are hereby VACATED.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this

litigation and the court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order expressly stated: " The failure to comply with the order within the proscribed time may result Defendant's action being dismissed." Thus, Defendant had adequate warning that dismissal would result from his noncompliance with the court's order.

This court is empowered to recommend that this action be summarily remanded. 28 U.S.C. § 1446(c)(4). However, since a Notice of Removal was never properly filed, an order remanding this case back to the state court does not appear to be necessary.

Accordingly, IT IS ORDERED that the Findings and Recommendations filed on August 25, 2008 are HEREBY VACATED; and

The court HEREBY RECOMMENDS the following that this action be dismissed based on Defendant's failure to obey this court's order of July 8, 2008.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, the parties may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

The court directs the Clerk of the Court to serve a copy of these Amended Findings and Recommendations on the Plaintiff who Defendant has identified as :

> Calvin S. Rose
> Lourdes Slinsky Wolpoff and Abramson, LLP
> 28632 Roadside Dr. Suite 265
> Agoura Hills, CA 91301

IT IS SO ORDERED.

Dated: **September 2, 2008**          **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE